ROBERTSON v. PHILLIPS.

Rails, not laid in a fence, are no part of the realty.

A. owned a claim on public land and had a quantity of rails, which were in piles at the time B. entered the land; held that the rails were no part of the realty,'that they were the property of A., that B. had no right to sell them to defendant, who had taken them off, and that defendant was 'liable to A. for the value of the rails.

ERROR to *Mahaska District Court*.

*Opinion by* KINNEY, J.    Robertson sued Phillips before a justice of the peace, claiming eighty dollars, by reason of the defendant having taken four thousand rails.   Jury trial 'and verdict for the plaintiff for $60,00.   Defendant appealed and recovered judgment in the district court.   Plaintiff brings the cause to this court and assigns for error the instructions of the court to the jury.

It appears that the plaintiff made a claim on the public land, and while in the possession and enjoyment of the claim, he made a large number of rails which were in piles on the land at the time it was entered, and which the defendant, by the authority of the owner of the land, hauled away. The instructions of the court amount to this, that if the defendant took the rails—after the land was entered—by the authority of the owner of the land, he is not liable. We have before decided that rails made and lying on the public land at the time the land was entered, did not pass to the purchaser, although made out of the timber growing on the land prior to the entry.   They do not belong to the realty, and consequently do not follow the title.   And such is the decision in the case of *Wincher* v. *Shrewsbury*, 2 Scam., 283, in which the court say : " A certificate of purchase or patent vests in the patentee a title to the land, and generally all that is growing on, or is in contemplation of law attached to the land, as houses, fences, growing timber,

Robertson *v.* Phillips.

&c. But that which has been severed from the land by the act and labor of man, converted into personal property, such as implements of husbandry, barrels, furniture, or even rails, when not put in a fence, or evidently intended to be so used, do not pass with it any more than the grain grass, or fruit, which has grown upon, and been gathered with it. In that case, the plaintiff who claimed and recovered the value of the rails, was a trespasser upon the public land, and there is not any evidence that he pretended to have made a claim upon the land when the rails were made. How much stronger is the case under consideration, for the plaintiff, who had established a claim, and when by our statute, claimants are protected in their possession and enjoyment.

By the Rev. Stat. 456, § 1, all contracts made for the sale of improvements on the land of the government of the U. S., are declared valid ; and on page 457, it is provided that persons settled on public lands may maintain trespass, and their possession shall be considered on the trial as extending to the boundaries embraced by the *claim* of such person, so as to enable him to maintain the action without being compelled to prove an actual enclosure.

There could not be any doubt, under this statute, of the plaintiffs right to recover, if the rails had been taken away before the land was entered. If this is so, is it not equally clear—inasmuch as the rails do not belong to the realty or pass to the purchaser of the land and therefore remain the property of the plaintiff—that he may maintain his action and recover the value thereof?

The purchase of the land from the general government, does not change or restrict the rights of the plaintiff in this particular. If the rails belonged to him before the entry, no act of third persons to which the plaintiff was not a party, can divest him of his title to them. He has the same property in the rails as he had before the purchase, and his

right to recovery, was as perfect, as if the rails had been taken while the title remained in the United States.

But it is said that the defendant took the rails by the authority of the owner of the land. This is no defence.

If the owner of the land would not be justified in appropriating them to his own use, neither would any person whom he might send. That would be a hard rule indeed, which would compel an injured party, whose property had been taken away, to bring his action against a man who was utterly worthless and bankrupt, instead of the real offender, because he ordered the property to be taken. True, in assumpsit, as a general rule, the principal and not the agent is responsible. But in this case there is no implied consent on the part of the plaintiff to look to the owner of the land for the value of the rails. His property is taken without his knowledge or consent. He had his election either to replevy, to sue in trespass or assumpsit, and either of these actions could be brought against the individual who committed the act. If the plaintiff had sold the rails to the principal of the man who took them, or if he as the agent had taken them with the knowledge of the plaintiff disclosing his agency, then the law would compel the party to seek his remedy against the principal. But it is no defence to the action, that he, the defendant, was acting for another, and took the property by the authority of another, unless he can go one step further and show that the plaintiff recognized him in that capacity, or expressly or impliedly consented to the act with a knowledge of the relation which existed between him and his principal. A contrary doctrine from this would lead to the most alarming results. A. could tell B. to go and take the property of C. Without the knowledge of C., B. carries out his instructions, and is sued by C. to recover the value of the property thus taken. B. would reply in the defence, that he was acting by the authority of A., and the remedy was against his principal and not him. The principal may be

out of the country or entirely insolvent, and B. in the enjoyment of the property. We see but little difference in the case before us, except there is not any evidence as to whether the defendant or his pretended principal was in the actual possession of the rails at the time of the trial. As they were proven in the possession of the defendant at the time of the taking, it is but reasonable to presume them still in his possession.

We think the court erred in the instructions to the jury, and the case is therefore reversed, and a trial *de nova* awarded.

Judgment reversed.

*C. Negus* and *J. L. C. Crookham*, for plaintiff in error.

*W. H. Seevers* and *W. T. Smith*, for defendant.